New York Electric Lines Company, Appellant, *v.*
WILLIAM J. GAYNOR et al., Constituting the Board of
Estimate and Apportionment of the City of New York
et al., Respondents.

EMPIRE CITY SUBWAY COMPANY (LIMITED), Respondent.

New York (city of) — permission to place electric wires under
ground in city of New York — effect of failure of electric company
to perform conditions upon which permission was granted.

The permission granted by the board of aldermen of the city of
New York to appellant to place its wires under ground in the streets
of the city was granted upon a tacit condition that it might be lost
by misuser or nonuser. The condition and the right to invoke and
stand upon it inhere in the nature of the grant and the with-
drawal of the permission upon the ground that it had not been
exercised within a reasonable time is not an impairment of a con-
tractual obligation. This rule, frequently recognized in cases where
franchises have been abused or misemployed, is also applicable
where they have been neglected, that is, have not been used in due
time. The judgment in this action established as a fact the failure
of the plaintiff, without adequate reason, to perform a condition
on which the permission was granted and the creation thereby of
sufficient ground for the judicial determination that it was lost.
(*New York Electric Lines Company* v. *Empire City Subway Com-
pany*, 235 U. S. 179, followed.)

*N. Y. Electric Lines Co.* v. *Gaynor*, 167 App. Div. 314, affirmed.

(Argued May 31, 1916; decided July 11, 1916.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the first judicial department,
entered May 26, 1915, affirming a judgment in favor of
defendants entered upon a dismissal of the complaint by
the court on trial at Special Term.

The nature of the action and the facts, so far as
material, are stated in the opinion.

*Alexander S. Bacon* for appellant. The resolution of
revocation instead of being legislative in character had

27

rather the nature of a private contract, the subject-matter of which is within the jurisdiction of the courts. The jurisdiction of a court to prevent the passage of a resolution where the proposed action is beyond the power of the municipal body and injuriously affects private rights cannot well be questioned. (*People* v. *Sturtevant,* 9 N. Y. 263; *People ex rel. Negus* v. *Dwyer,* 90 N. Y. 402; *David* v. *Mayor, etc.,* 1 Duer, 451; *Negus* v. *City of Brooklyn,* 62 How. Pr. 291.) The present action is the proper and orderly way of determining the rights of the parties. (*Negus* v. *City of Brooklyn,* 62 How. Pr. 291; *Spring Valley Water Works* v. *Bartlett,* 16 Fed. Rep. 615; *Leverich* v. *Mayor, etc.,* 110 Fed. Rep. 170; *Paterson & Passaic Horse R. R. Co.* v. *Mayor, etc.,* 9 C. E. Green, 158; *Eau Claire Dells. Improvement Co.* v. *City of Eau Claire,* 134 Wis. 548; *Port of Mobile* v. *L. & N. R. R. Co.,* 84 Ala. 115; *United Traction Co.* v. *City of Watervliet,* 71 N. Y. Supp. 977.)

*Lamar Hardy, Corporation Counsel* (*Samuel J. Rosensohn, William P. Burr* and *Vincent Victory* of counsel), for William J. Gaynor et al., respondents. The plaintiff, prior to the 11th day of May, 1906, abandoned any right which it might have had under the resolution of the board of aldermen of April 10, 1883, to itself operate electrical conductors for any purpose whatever, and by reason of such abandonment the board of estimate and apportionment had the power to and did revoke the permit on the 11th day of May, 1906. (*Wiggins* v. *McCleary,* 49 N. Y. 346; *Hughes* v. *Galusha Store Co.,* 13 App. Div. 814; *T. & B. R. R. Co.* v. *B., H. T. & W. Ry. Co.,* 86 N. Y. 107.)

*Edmund L. Mooney, Charles T. Russell* and *Frederick A. Card* for Empire City Subway Company (Limited), respondent. The revocation by the board of estimate and apportionment of the permission granted to the appellant was valid in fact and in law. (*Trustees of Southampton*

v. *Jessup*, 173 N. Y. 84; *W. U. Tel. Co.* v. *S. E. L. & P. Co.*, 178 N. Y. 325; *City of New York* v. *New York Refrigerating Co.*, 146 N. Y. 210; *Nicoll* v. *Sands*, 131 N. Y. 19; *Ins. Co.* v. *Dutcher*, 95 U. S. 269; *Woolsey* v. *Funke*, 121 N. Y. 87; *Seymour* v. *Warren*, 179 N. Y. 1; *People ex rel. New York Electric Lines Company* v. *Squire*, 107 N. Y. 593; 145 U. S. 175; *People ex rel. New York Electric Lines Company* v. *Ellison*, 188 N. Y. 523; *Matter of N. Y. El. Lines Co.*, 201 N. Y. 321.)

COLLIN, J. The action is in equity to achieve the adjudication that the permission granted by the board of aldermen of the city of New York, April 10, 1883, to the plaintiff had not been revoked by a resolution of the board of estimate and apportionment of the city, adopted May 11, 1906, and was in full force and effect, and that the plaintiff is entitled to place its wires under ground in the streets of the city. The judgment entered upon the decision of the trial justice dismissed the complaint upon the merits and was unanimously affirmed by the Appellate Division.

The facts underlying the adjudication are manifold. They in their substance and effect have been stated in judicial opinions with such fullness and accuracy that their restatement here is unnecessary. They may be fully known, except as supplemented in this opinion, by reading the opinions in *Matter of New York Electric Lines Co.* (201 N. Y. 321), *New York Electric Lines Co.* v. *Empire City Subway Co.* (235 U. S. 179) and *New York Electric Lines Co.* v. *Gaynor* (167 App. Div. 314).

The findings of fact in the present action support the conclusion of law that the plaintiff prior to the 11th day of May, 1906, had neglected to use and had abandoned any right which it may have had under the permission or consent of the board of aldermen of April 10, 1883. Those findings are too numerous and elaborate to be quoted in this opinion. They have been unanimously affirmed by

the Appellate Division and thus withdrawn from our review. On May 11, 1906, the city of New York, through a resolution of the board of estimate and apportionment, declared and the defendants in their answers allege that the entire of the rights and privileges of the plaintiff acquired by it through the permission of 1883 had been forfeited by non-user.

The Supreme Court of the United States in *New York Electric Lines Company* v. *Empire City Subway Company* (235 U. S. 179) established principles which direct the affirmance of the judgment here. The permission of April 10, 1883, rested upon its acceptance by the plaintiff and the obligation upon its part, included through implication in the permission and its acceptance, it not being expressed, that the plaintiff would within a reasonable time, subject to lawful provisions and regulations, execute the rights and privileges granted and create for the public the public conveniences and advantages contemplated by the grant. The failure to exercise the permission as contemplated is ground for the revocation or withdrawal of it. It was a tacit condition annexed to the permission as granted that it might be lost by mis-user or non-user. The condition and the right to invoke it inhere in the nature of the grant, and the withdrawal of the permission upon the ground that it had not been exercised within a reasonable time is not an impairment of a contractual obligation. "The privileges conferred may be withdrawn by such methods of procedure as are consistent with established legal principles. This rule, frequently recognized in cases where franchises have been abused or misemployed, * * * must also be applicable where they have been neglected, that is, have not been used in due time. Whether in such cases, where there has been a municipal permission for use of streets, the State shall proceed directly by quo warranto, or whether it shall authorize the municipality to pass a resolution or ordinance of

repeal or revocation leaving the propriety of its course to be determined in an appropriate legal proceeding in which the default of the grantee may be adjudicated, is a question of State law with which we are not concerned. The resolution in such case serves to define the attitude of the public authorities, and to revoke the permission where sufficient ground exists for such revocation. Whether there has been such a mis-use or non-exercise of the franchise as to warrant its withdrawal is a matter for judicial consideration." (p. 195.)

The plaintiff here sought to have it judicially declared, through this action in equity terminating in a judgment, that neither its non-user of the privileges granted by the permission nor the resolution revoking and terminating it annulled it, and that the plaintiff was entitled to have its wires placed in the conduits of the defendant subway company. The parties against whom it brought the action were interested and necessary parties. Between it and them there was mutuality of interest. The permission, in its very nature and purpose, was intended to be the source of benefits and advantages to the city, the anticipation of which, it may safely be declared, induced the grant. The plaintiff was authorized " to construct and lay lines of electrical conductors underground in any city," provided that it " first obtain from the common council " of such city the " permission to use the streets " of it therefor. (Laws of 1881, ch. 483, § 1.) The permission was brought into being by an affirmative act of the city through the common council. The judgment in the action established as a fact the failure of the plaintiff, without adequate reason, to perform a condition on which the permission was granted and the creation thereby of sufficient ground for the judicial determination that it was lost. The failure of the plaintiff was available to the defendants to defeat the adjudication sought by the plaintiff. They had the legal right to seek in the action relief from whatsoever contractual obliga-

tion the permission imposed, and the judgment in their favor lawfully established the loss to the plaintiff of the privileges it conferred.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, HOGAN and CARDOZO, JJ., concur; SEABURY, J., dissents.

Judgment affirmed.