THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK AND QUEENS GAS COMPANY, Relator, *v.* OSCAR S. STRAUS and Others, Commissioners, Constituting the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK FOR THE FIRST DISTRICT, Respondents.

First Department, April 5, 1918.

**Public Service Commission — discretionary power to grant rehearing — when certiorari will not lie to compel rehearing denied by Commission.**

Section 22 of the Public Service Commissions Law, which provides that the Commission may grant and hold a rehearing if in its judgment sufficient reason therefor be made to appear, places the matter of a rehearing wholly within the discretion of the Commission, and its order denying an application for a rehearing cannot be reviewed by writ of certiorari if it does not appear that the Commission has abused its discretion.

MOTION by the respondents, Oscar S. Straus and others, constituting the Public Service Commission of the State of New York for the First District, to quash a writ of certiorari brought to review an order of the Commission denying relator's application for a rehearing.

*John A. Garver* of counsel [*Shearman & Sterling*, attorneys], for the relator.

*William L. Ransom* of counsel [*Godfrey Goldmark* with him on the brief], for the respondents.

PAGE, J.:

An order was made March 19, 1915, requiring the relator to extend its mains and services to Douglaston. An application was made for a rehearing on April 10, 1915, and denied April 27, 1915. The relator has by writ of certiorari reviewed the order of the Commission, dated the 19th day of March, 1915, and the order of the Commission was affirmed by the Court of Appeals (*People ex rel. New York & Queens Gas Co.* v. *McCall*, 219 N. Y. 84) and the United States Supreme Court (245 U. S. 345). The relator by a petition verified on the 4th day of January, 1918, applied for a rehearing of the said proceeding, which application was denied and the relator has caused to be issued a writ of certiorari for the purpose of reviewing the order denying said application. Section 22 of the Public Service Commissions Law (Consol. Laws, chap. 48; Laws of 1910, chap. 480) provides that on such an application " the Commission shall grant and hold such a rehearing *if in its judgment* sufficient reason therefor be made to appear."

It is clear that the granting or refusing of the application for a rehearing rests in the discretion of the Commission. (*City of Buffalo* v. *Buffalo Gas Co.*, 82 Misc. Rep. 304, 310; affd., 160 App. Div. 914, on opinion below.) Clearly, this writ could not bring before us the original determination of the Commission embodied in the order of March 19, 1915, as that order has been exhaustively reviewed by the courts. The sole question before us, therefore, is the disposition of the motion for a rehearing. That matter resting in its discretion, and as it does not appear that the Commission has abused its discretion, the motion to quash the writ should be granted, with fifty dollars costs and disbursements.

CLARKE, P. J., SMITH, DAVIS and SHEARN, JJ., concurred.

Motion to quash writ granted, with fifty dollars costs and disbursements. Order to be settled on notice.