HAROLD KEILER, Plaintiff, v. RICHIE HAT CO., INC., Defendant.

City Court of New York, Bronx County, June 1, 1932.

*Tullman & Steinberg*, for the plaintiff.

*Bertram L. Marks*, for the defendant.

DONNELLY, J.   Plaintiff sues to recover of the defendant the sum of $1,200 damages alleged to have been suffered by him through defendant's breach of a contract of employment.   Plaintiff claims the contract was to run for one year beginning August 1, 1930, and terminating July 31, 1931, at a weekly wage of $100.   According to the complaint, the defendant on May 1, 1931, without just cause, discharged the plaintiff.   Defendant now moves to dismiss the complaint, upon the ground that the judgment obtained by plaintiff against defendant in the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, which judgment was thereafter paid and satisfied by defendant, is a bar to the maintenance of this action by plaintiff and is *res adjudicata* upon the question of plaintiff's damage.   In the Municipal Court action, which was to recover $100 wages due and owing plaintiff for the week May 4, 1931, to May 9, 1931, the defendant neither appeared nor answered, but paid the judgment upon the service of a third party order attaching his account in the Yorktown Bank.   In the defendant's answer herein it is alleged that the plaintiff's action in the Municipal Court was based upon the plaintiff's complaint and deposition reading as follows: " This is an action to recover the sum of $100 due me as damages and /or wages   *   *   *." By his failure to answer in the

Municipal Court action, the defendant must be deemed to have admitted plaintiff's claim therein that there was due and owing to him $100 wages for the week in question and for the recovery of which wages plaintiff's action was instituted. At any rate, the plaintiff's claim in the Municipal Court action was in the alternative, *i. e.,* for damages for breach of the contract or for wages due for the period stated. Upon these facts, it is not at all clear that in the Municipal Court action there was an adjudication that plaintiff's damages for breach of the contract were $100. The burden is upon the defendant to show that the former judgment is a bar. (*People ex rel. Village of Chateaugay* v. *P. S. Comm.*, 255 N. Y. 232, 238, 239.) This burden the defendant has not sustained. Motion to dismiss the complaint on the merits is denied, with ten dollars costs.