18 N.Y.2d 560 (1966)
Bronxville Palmer, Ltd., Appellant,
v.
State of New York et al., Respondents. (Claim Nos. 37145, 37146, 38219, 38220.)
Court of Appeals of the State of New York.
Argued October 20, 1966.
Decided December 30, 1966.
Herbert Plaut for appellant.
Louis J. Lefkowitz, Attorney-General (Jean M. Coon and Ruth Kessler Toch of counsel), for respondents.
Chief Judge DESMOND and Judges BURKE, SCILEPPI and KEATING concur with Judge BERGAN, Judge KEATING in a separate opinion; Judge VAN VOORHIS dissents and votes to reverse in an opinion in which Judge FULD concurs.
*562 BERGAN, J.
Claimant is the owner of an apartment building in Yonkers. Its claims against the State, so far as relevant to this appeal, are based on purported trespass on claimant's land in the construction of the Sprain Brook Parkway in Westchester County.
It is alleged that in the course of laying out the road piles were physically driven into claimant's land beyond the State's right of way; and that damage to the building resulted.
An earlier action brought by the claimant in the Supreme Court against the general and special contractors who actually performed the work for the State, based on the same physical acts of trespass and for the same damages, terminated in a judgment for those defendants.
The question now is whether the judgment is res judicata as to the present claims. The Appellate Division, holding that it was, dismissed the claims.
*563 The State's motion for dismissal based on the prior adjudication rested essentially on the complaint in the Supreme Court action and the judgment entered after trial. This judgment directs that "the complaint of the plaintiff be and the same is hereby in all respects dismissed on the merits". The complaint in the Supreme Court action and the present claims against the State are both for the same damages and for the same trespass.
If a purported trespass, wrongful in its nature as constituting an invasion of claimant's land, was held not sustained against contractors carrying out a public work for the State, the adjudication against the owner would normally work an estoppel in a claim for the same cause against the State.
The State's liability would in such a case be derivative from the acts of the contractors. If they were adjudicated to have committed no actionable wrong, this would inure to the benefit of the State were the same damages later claimed for the same purported wrong (Hinchey v. Sellers, 7 N Y 2d 287; Israel v. Wood Dolson Co., 1 N Y 2d 116; Good Health Dairy Prods. Corp. v. Emery, 275 N.Y. 14; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N.Y. 304).
The normal way to invoke the estoppel of a prior adjudication is to produce the judgment and the pleading on which it was based. "It is, of course, the judgment which is the bar". (Ripley v. Storer, 309 N.Y. 506, 512.) It is "a final judgment upon the merits which is competent as evidence and conclusive in a subsequent action between the same parties or their privies" (Rudd v. Cornell, 171 N.Y. 114, 129).
The burden of establishing the estoppel of a prior adjudication is on him who asserts it (People ex rel. Village of Chateaugay v. Public Serv. Comm., 255 N.Y. 232, 238; Silberstein v. Silberstein, 218 N.Y. 525, 529; Rudd v. Cornell, supra, p. 127) and where the judgment and the pleadings do not conclusively show that what was adjudicated embraces the new litigation, it may be necessary to look beyond the judgment roll, at the testimony, the charge to the jury and the record of contentions made and determined.
But the presumption is that the issues "involved" or "determined" were those "pertinent to the subject of the controversy as defined by the pleadings" (CARDOZO, Ch. J., in People ex rel. Village of Chateaugay v. Public Serv. Comm., supra, p. 239; *564 see, also, Silberstein v. Silberstein, supra; Pray v. Hegeman, 98 N.Y. 351, 358). The State meets that burden in the motion to dismiss by showing that the judgment in the former action determined that the State's contractors, while building a road, were not responsible for trespass on plaintiff's property by the same acts which are chargeable by claimant against the State in the present claims for damages for trespass.
But appellant argues that the Supreme Court action was so tried and submitted to the jury that, notwithstanding the allegations of pleadings and the form of judgment, the adjudication in favor of the contractors does not benefit the State.
It is argued that under the form of submission to the jury by the court, the jury was allowed, in the words of claimant's submission to this court, "to say who was to blame, the contractors or the State; and if they believed the latter was, then the contractors could have a verdict dismissing the complaint even though they supplied the physical force to drive the piles across the boundary line".
No doubt if the issue was tendered by defendants in the former action, by their pleading or by the way the case was tried and submitted, that they were under compulsion by the State to invade claimant's property and they acted under this compulsion, and if the jury had been instructed a verdict could be returned in defendants' favor on this ground, an adjudication accruing in the State's favor would not have resulted.
Although, as Justice COCHRANE pointed out in New York Cent. R. R. Co. v. Barnet (192 App. Div. 784, 786) the judgment roll is conclusive evidence, the charge to the jury is competent "to show the precise issues therein decided" (see, also, Rowland v. Hobby, 26 App. Div. 522).
And, of course, the actual trial may not have followed the pleadings and other issues may actually have been adjudicated than those which may be seen by reading the pleadings. As it was noted in Silberstein v. Silberstein (supra, p. 528), "issues not involved in the pleadings may in fact have been litigated".
But the claimant fails to demonstrate on this record that in fact the adjudication for the defendant contractors in the Supreme Court was based on a theory different from, or broader than, the case tendered by the claimant in its Supreme Court complaint for trespass.
*565 Extracts of the charge to the jury are quoted by claimant in an affidavit by its attorney in opposition to the State's motion to dismiss; but those extracts manifestly do not show that the court was submitting it to the jury to say that they were to find for the defendants if they acted under compulsion of the State or if the State "was to blame".
Claimant did not submit to the Court of Claims in resistance to the motion to dismiss the claims the charge to the jury as a whole or the record as a whole in the Supreme Court action. Thus, the usual rule of determining what was decided from the pleadings and the judgment must be followed.
Reference is made in claimant's papers to the opinion of the Trial Judge in denying a motion to set aside the verdict, and this is filed with exhibits on the appeal. When recourse is had to this opinion, it is clear that the Trial Judge did not consider that the issue of the State's separate responsibility as a basis for defendants' verdict had been tried.
He describes an entirely different issue as a defense to the trespass cause of action, the defense of a right granted to go on claimant's land, i.e., "The defendants, in substance, allege that the trespass, if any, was subsequently cured by the obtaining of an easement."
Thus the judgment on the demonstrated facts of the record on this appeal is res judicata in favor of the State on the issue of trespass.
The order should be affirmed, without costs.
KEATING, J. (concurring).
Trespass is an intentional tort. "Intentional" means merely that the defendant intended the act which constituted the trespass, and not that he actually intended to trespass. Thus, if a defendant walks on the plaintiff's land, he has committed trespass regardless of whether he knows that this land belongs to the plaintiff.
Restatement, Torts, 2d (§ 164) states this basic rule:
"Intrusions Under Mistake
"One who intentionally enters land in the possession of another is subject to liability to the possessor of the land as a trespasser, although he acts under a mistaken belief of law or fact, however reasonable, not induced by the conduct of the possessor, that he

*566 "(a) is in possession of the land or entitled to it, or
"(b) has the consent of the possessor or of a third person who has the power to give consent on the possessor's behalf, or
"(c) has some other privilege to enter or remain on the land."
Illustration 5 under this section states: "A, through his son, B, asks C's permission to cross C's field. C refuses permission, but B reports that C has consented. A enters C's field. A is subject to liability to C."
Thus, it is beyond doubt that the issue in a trespass action is whether or not the defendant went on the plaintiff's land. His motive, reason or justification is never at issue in such an action. Therefore, the judgment in the first action that the defendants were not guilty of trespass can only mean that they did not go on the plaintiff's land or, if they did, that they were privileged to do so.
Plaintiff has argued that in the first action against the contractor and the subcontractor, in finding for the defendants, the jury impliedly found that the State was solely responsible for the alleged trespass. He claims that the trial court's charge to the jury was that they should decide who was to blame, the contractors or the State.
If, as plaintiff alleges, the trial court so instructed the jury that they might have thought that the defendants were not liable if they acted at the direction of the State or under a mistaken assumption that an easement had been obtained, this was serious error in direct contradiction to the established law of trespass.
The plaintiff's remedy was to appeal from the judgment resulting from that charge. A jurisdictionally valid judgment is res judicata, despite the fact that an error might have been committed during the trial (see, e.g., Matter of New York State Labor Relations Bd. v. Holland Laundry, 294 N.Y. 480, and cases cited therein). The merits of the trial court's charge cannot now be put in question in a subsequent and separate action.
VAN VOORHIS, J. (dissenting).
Appellant has filed a claim against the State of New York for compensation for trespass upon its real property on Palmer Avenue, Westchester County, in connection with the construction of the Sprain Brook Parkway in Yonkers. It is undisputed that in the erection of a bridge *567 over this parkway piles were driven into the ground on claimant's premises which entail damage to its apartment house.
The State seeks to escape from the obligation of the constitutional requirement that it pay just compensation by reason of an abortive lawsuit previously brought by this claimant against the general contractor and pile-driving subcontractor. In that action, the trial court charged the jury: "That if the jury finds the sole proximate cause for the alleged damage to Plaintiff was the failure of State's engineers to properly design the structures of the Sprain Brook Parkway and for the failure of the State's consulting engineers to properly supervise the erection of said parkway, the Defendants cannot be held liable."
The court acted upon the statement of the counsel for the contractors: "Besides which there is no question but that the State is liable for the taking and for consequential damages, if any, from the taking."
This instruction was coupled with others which established the law of the case to be that this claimant could not recover against the general contractor and subcontractor regardless of whether there was in fact a trespass upon claimant's land, if the piles were driven upon claimant's premises in accordance with the plans and by reason of the design for the structure prepared by the State.
In rendering a verdict for the general contractor and subcontractor, the jury were not required to find that there had been no trespass; indeed, they could scarcely have determined that in view of the undisputed evidence that the State has appropriated part of claimant's real property. The verdict of no cause of action could have been, and clearly was, rendered upon the theory that the general contractor and the pile-driving subcontractor could not be held liable even though they were upon claimant's land, if this was done by the command of the State in the performance of the general contract with the State calling for such an encroachment. The law of the case in that action, therefore, was (correctly or incorrectly) that the State was the party responsible to claimant and that it was not the responsibility of the contractor or the subcontractor to pay for acquiring the necessary real property or easements and that they could not be held liable if they merely did what the State required.
*568 Now the State seeks, thus far successfully, to be exonerated from paying just compensation on the basis that the judgment in favor of the contractor and subcontractor in the former action is res judicata. To hold that, in my view, violates the basic principles of the law upon this subject. It is well established that the bar of a former judgment operates only to the extent that the crucial issue was decided. It is true enough that the bar of the former adjudication extends to whatever was necessarily decided in rendering the judgment, even though it was not explicitly mentioned in the pleadings, briefs or opinion (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N.Y. 304, and cases cited). That does not alter the circumstance that the former judgment is "final only as to such facts as are litigated and decided" and were "involved in the final judgment." (Rudd v. Cornell, 171 N.Y. 114, 128-129; Springer v. Bien, 128 N.Y. 99; Lance v. Shaughnessy, 86 Hun 411, affd. on opn. below 153 N.Y. 653).
The essence of res judicata is that the controlling issue, whether of fact or of law, has been decided between the parties by a competent tribunal. It makes no difference whether it was decided correctly or otherwise. The bar of res judicata is effective, if the point was decided, notwithstanding that the judgment may have been clearly erroneous. (Matter of New York State Labor Relations Bd. v. Holland Laundry, 294 N.Y. 480; Ripley v. Storer, 309 N.Y. 506; Gelb v. Mazzeo, 5 A D 2d 10.)
The converse is inherent in this reasoning that the former judgment does not operate in bar if, correctly or incorrectly, it excluded the subsequent controversy from its determination. Right or wrong, the former adjudication stands for what it is. In Black on Judgments (2d ed., Vol. II, § 616, p. 940) it is said: "This conclusion [that the former adjudication is not a bar] follows also, on even stronger reasons, when the record shows that the particular point or question was excluded from the consideration of the jury" (citing Thomas v. Hite, 5 B. Mon. [Ky.] 590).
In the present situation, indisputably the judgment in the prior action against the contractors excluded from its ambit the issue which is involved here. Definitely that judgment did not decide that there was no trespass upon claimant's land; it *569 simply held that the contractors were not liable for it if the State was responsible for it. "Matters which have not been expressly, impliedly, or necessarily determined are not concluded by the judgment in a prior suit between the parties" (50 C. J. S., Judgments, § 712, p. 174). It was not incumbent upon claimant to have appealed the judgment in favor of the contractors in order to save its rights against the State. The effect of the decision about to be rendered is that claimant is bound not by the determination expressed in the judgment in the action against the contractors, but by what that judgment would have been if that action had been correctly decided. Such a basis for decision is foreign to the law of res judicata, which depends not upon what the judgment ought to have decided or might have decided, but what it did determine.
In application of the doctrine of res judicata it is immaterial whether that interpretation of the law was correct. Even if it was erroneous, the decision in that action can have no greater effect here than to stand for what it actually decided. It did not decide that there had been no trespass by the State or the commission. It simply held that if there was, there could be no recovery against the contractors if they merely carried out the command of the State and the commission. Whether the law as applied in that action was right or wrong, the judgment in that action does not decide this case.
The order appealed from dismissing the trespass claims should be reversed and the order of the Court of Claims denying the motion as to them should be reinstated, and the judgments of dismissal entered upon the Appellate Division order should be reversed.
Order affirmed.