Erie Railroad Company, Respondent, *v.* Buffalo and Lackawanna Traction Company and Another, Appellants.

Fourth Department, May 11, 1927.

Negligence — action over by one joint tort feasor against another — passenger of street railway company brought action against said company and plaintiff herein to recover damages for injuries suffered when street car collided with one of plaintiff's cars — verdict was rendered in that action against plaintiff herein and in favor of street railway company — res judicata — street railway company agreement for crossing plaintiff's tracks provided for assumption by street railway company of all risks of liability to any persons excepting such losses as might be caused by sole negligence of plaintiff herein — judgment in action by passenger is not res judicata in this action.

A passenger on a street car sued the street car company and the plaintiff herein to recover for injuries suffered in a collision between a street car and a railroad car at a crossing.   The jury rendered a verdict against the plaintiff herein and in favor of the street railway company and a judgment entered thereon was affirmed as to both.   This is an action by the railroad company against the receiver of the street railway company to recover over the amount paid to the plaintiff in the prior action.   The judgment in the prior action absolving the street railway company from negligence is not *res judicata* in this action and does not bar the prosecution thereof.   It appears that the street railway com

pany entered into an agreement in relation to the crossing of the railroad company's tracks which provided, among other things, that the operatives of the street cars should ascertain, positively, that the tracks or track of the railroad company might be safely crossed without a street car coming into collision with an engine or cars of the railroad company. The agreement provided further that the street railway company assumed all risk of liability to any persons injured or damaged in person or property which might result from a collision at the crossing, excepting such losses, injuries or damages as might be caused by the sole negligence of the railroad company.

The prior action was tried upon the theory of common-law negligence only, and, therefore, the judgments rendered therein are not *res adjudicata* on the question of the liability of the street railway company under its agreement, and the plaintiff must be given an opportunity to prove negligence under the standard fixed by the contract between the parties.

HUBBS, P. J., dissents, with memorandum.

APPEAL by the defendants, Buffalo and Lackawanna Traction Company and another, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 14th day of December, 1926, striking out an affirmative defense from the answer of each defendant on the ground that it is insufficient in law.

*Kenefick, Cooke, Mitchell & Bass* [*Lyman M. Bass* of counsel], for the appellants.

*Moot, Sprague, Brownell & Marcy* [*John W. Ryan* of counsel], for the respondent.

TAYLOR, J.   In a negligence action brought by George J. Brendel against the Erie Railroad Company and Bullock, as receiver of the Buffalo and Lake Erie Traction Company, as joint tort feasors, the jury found against the Erie and in favor of Bullock, as receiver. Brendel was a passenger on a traction company street car, which collided with an Erie railroad car at the Louisiana street crossing in the city of Buffalo.   The Erie appealed to the Appellate Division and the judgment against it was affirmed.   Brendel appealed from the judgment in favor of Bullock, as receiver, and that was affirmed. (*Brendel* v. *Bullock*, 187 App. Div. 926.)   In the instant action the Erie sues to recover over against Bullock, as receiver.   Defendant pleads as a defense the judgment in his favor in the former action; and from an order striking this defense from the answer of defendant Bullock we have this appeal.

In September, 1909, the Erie and the traction company entered into an agreement relative to the traction company crossing the tracks of the Erie.   In that contract it was stipulated in paragraph " Seventh " that the operatives of street cars should always " ascertain positively that the track or tracks (of the Erie) might be safely crossed without coming into collision with any engines or

cars." And in paragraph " Tenth " the traction company agreed to assume all risk of liability to any persons injured or damaged in person and property which might result from the street cars crossing the Erie tracks, " excepting such losses, injuries or damages as may be caused by the sole negligence of the Railroad Company."

In the Brendel action there was an issue between Brendel and each defendant as to the common-law negligence of that defendant. The Erie in the action before us admits the conclusiveness of the judgment against it in the Brendel action. It also admits that if its negligence had been the sole proximate cause of Brendel's injuries, the Erie must fail in this action. But it claims that if the receiver was also negligent in the former action, the Erie, under its contract, may possibly recover in this action, despite its own negligence. It is apparent that the Erie could have lost in the first action and not have been solely negligent. And the Erie should have the opportunity, which it did not have before, to prove that the receiver was at least concurrently negligent. For in the first action the plaintiff may not have been able, or may not have desired, to prove negligence in the receiver. In the first action, as this plaintiff argues, Brendel was a passenger of the receiver and the occurrence of the accident made out a *prima facie* case against the carrier. The plaintiff in that action had a right to rest upon this assumption, and the Erie could not have successfully protested; and if the trial court had nonsuited as to the receiver, an exception would have been of no avail to the Erie.

Furthermore, the original action was tried upon the theory of common-law negligence only. In this action the plaintiff has the opportunity to prove negligence under the standard fixed by the contract between the parties — to show that the car operator of the defendant receiver, on the occasion in question, did not " ascertain positively " that the Erie tracks could be crossed in safety. Under the circumstances presented, to hold that the Erie is concluded by the former judgment would be an unauthorized extension of the doctrine of *res adjudicata*. It would be penalizing this plaintiff for not raising as against its codefendants in the original action an issue in which the plaintiff in that action had no interest.

The order appealed from should be affirmed, with ten dollars costs and disbursements to respondent.

All concur, except HUBBS, P. J., who dissents in a memorandum and votes for reversal. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

HUBBS, P. J. (dissenting). I dissent and vote for reversal upon the ground that the answer raises a question of fact. The jury in

the action by Brendel against the plaintiff and defendants herein, found that the injury to Brendel was caused solely by the negligence of the Erie Railroad Company and that the defendants herein were free from " any negligence which caused or contributed to the accident."

If the plaintiff recovers herein it must be upon a finding by the jury that the defendants were guilty of some negligence which contributed to the accident by which Brendel was injured, which finding would be directly contrary to the verdict of the jury in the first action. If it appears upon the trial herein that the judgment in the Brendel action was based upon a finding of fact which was litigated in said action, in which all of the parties herein were defendants, there can be no recovery herein. That question the defendants should be permitted to plead as a defense. (*Fulton County Gas & Elec. Co.* v. *Hudson River Telephone Co.*, 200 N. Y. 287; *Buchholz-Hill Transp. Co.* v. *Baxter*, 206 id. 173; *Town of Flagstaff* v. *Walsh*, 9 F. [2d] 590.)

Order affirmed, with ten dollars costs and disbursements.