ERIE RAILROAD COMPANY, Respondent, *v.* BUFFALO
AND LACKAWANNA TRACTION COMPANY et al.,
Appellants.

*Pleading — contract — judgment — estoppel — action to recover on con-*
*tract amount of judgment paid by plaintiff — defense that in former*
*action verdict of no cause of action was rendered in favor of defendants*
*herein.*

*Erie R. R. Co.* v. *Buffalo & Lackawanna Traction Co.,* 220 App. Div.
520, affirmed.

(Argued November 21, 1927; decided December 6, 1927.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the fourth judicial
department, entered May 11, 1927, which affirmed an
order of Special Term striking out affirmative defenses
set up in the answers. The action was upon a contract
by virtue of which plaintiff sought indemnity from the
defendants for the amount of a judgment and interest
recovered against and paid by the Erie Railroad Company
in an action entitled " George J. Brendel against Erie
Railroad Company and George Bullock as Receiver of
Buffalo and Lake Erie Traction Company." The defend-
ants in their answer in this action pleaded as a defense
hereto the judgment entered upon the verdict of the jury
in the former suit wherein a verdict of no cause of action
was rendered in favor of the defendant Bullock. It was
contended that the said judgment entered upon the
merits estops the plaintiff in this action from relitigating
the questions of negligence necessarily involved and passed
upon in the Brendel action. The following questions were
certified:

" 1. Should the second answer and defense of the
defendant George Bullock, as receiver of the Buffalo and
Lake Erie Traction Company to plaintiff's amended
complaint be stricken from the answer on the ground that
it is insufficient in law? 2. Should the second answer
and defense of the defendant, Buffalo and Lackawanna

40

Traction Company to plaintiff's amended complaint be stricken from the answer on the ground that it is insufficient in law? "

*Lyman M. Bass* and *Theodore G. Kenefick* for appellants. *John W. Ryan* for respondent.

Order affirmed, with costs; questions certified answered in the affirmative; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of the Accounting of EARL W. SCRIPTER, as Executor of ELBERT O. FORBES, Deceased, Appellant.

AMERICAN SURETY COMPANY, Appellant; FORT COVINGTON BANKING COMPANY, Respondent.

*Executors and administrators — accounting — subrogation — promissory notes made by executor — payee subrogated to rights of executor to credits allowed him on his accounting.*

*Matter of Forbes*, 218 App. Div. 292, affirmed.

(Submitted November 21, 1927; decided December 6, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 17, 1926, which modified and affirmed as modified a decree of the Franklin County Surrogate's Court settling the accounts of the executor of Elbert O. Forbes, deceased, and directing that the respondent herein be subrogated to the right of said executor to certain credits allowed him in his accounts, the amount of four notes made by said executor and payable to respondent.

*Earl W. Scripter* for executor, appellant.

*E. C. Lawrence* for American Surety Company, appellant.

*William L. Allen* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.