Eugene J. Duignan, Plaintiff, *v.* August Pawlikowski, Defendant.

Supreme Court, Niagara County, April 29, 1929.

*Tuttle, Rice & Stockwell,* for the plaintiff.

*Cohn, Franchot, Runals & Robillard,* for the defendant.

HINKLEY, J.  This motion presents an interesting, novel and important question.  A passenger in one of two colliding automobiles sued both owners, who were also the drivers, and recovered judgment against both.  Later, one owner brought this action against the other, not for contribution but for damages to the former's automobile by the other owner.  The question thus arises, Is the doctrine of *res judicata* available to the defendant herein, upon the ground that a jury has determined that plaintiff in this action was, at the time of the collision, guilty of negligence that contributed thereto?

Viewed in the light of the modern trend of all courts to prevent a retrial of issues previously completely litigated, the question must be answered in the affirmative.

The defendant in this action was sued in a former action upon a charge of his negligence.  The former trial was equally as vital to him as this.  He had every incentive and opportunity to meet and contest that issue squarely, especially now that, under section 211-a of the Civil Practice Act, contribution may be had from a codefendant who has not paid his proportion of a joint tort judgment.  Whatever course the defendant herein pursued in the former action, that of relying upon the failure of plaintiff's proof against him, that of contending that the plaintiff therein was solely to blame or that both this plaintiff and the plaintiff in the other action were solely to blame, or that he himself was free from negligence, a jury has determined that this plaintiff was negligent in the operation of his automobile at or before the collision. Likewise, that that negligence contributed to the accident, and that those issues were established by a fair preponderance of the evidence.  Here in this action the plaintiff must meet the burden of establishing his own freedom from contributory negligence, which has already been adjudicated against him by a fair preponderance of the evidence.

" The doctrine of *res judicata* does not rest upon the fact that a particular proposition has been affirmed and denied in the pleadings, but upon the fact that it has been fully and fairly investigated and tried, — that the parties have had an adequate opportunity to say and prove all that they can in relation to it, that the minds of court and jury have been brought to bear upon it, and so it has been solemnly and finally adjudicated."  (2 Black Judgments [2d ed.], § 614, p. 936; *Fulton County Gas & Elec. Co.* v. *Hudson River Telephone Co.,* 200 N. Y. 287, 296, 297; *Devin* v. *City of*

*Ottumwa*, 53 Iowa, 461; *Baldwin* v. *Hanecy*, 204 Ill. 281, 288; *Baugert* v. *Blades*, 117 N. C. 221.)

The case of *Erie R. R. Co.* v. *Buffalo & Lackawanna Traction Co.* (220 App. Div. 520; affd., 246 N. Y. 625) is readily distinguished. In that case the first action was for common-law tort, and the second action involved a breach of contract obligation.

The case of *Self* v. *International R. Co.* (224 App. Div. 238) is equally distinguishable. The defendant in that action was not called upon in the prior action to prove or dispute the question of the negligence of his codefendant, the plaintiff in the second action. It cannot be said that that issue was adjudicated against him. The language of the *per curiam* opinion that " this defendant was not obligated on the former trial to establish its contentions in court as against this plaintiff; nor did it have the opportunity to do so," is, therefore, clearly true as to the question of the then plaintiff's freedom from contributory negligence.

One finds in some of the sister States an inclination to hold that every man is entitled to an opportunity to measure swords with his antagonist, but the court finds no such inclination in this State, nor can it be inferred from the language last quoted.

Motion by plaintiff to strike out certain paragraphs of defendant's amended answer denied, with costs.