BUFFALO PORCELAIN ENAMELING CORPORATION, Plaintiff, *v.* LONDON ASSURANCE CORPORATION, Defendant.*

Supreme Court, Erie County, December 24, 1929.

---

* Revd., 229 App. Div. 377.

*Charles W. Strong,* for the plaintiff.

*Shire & Jellinek* [*James M. H. Wallace* of counsel], for the defendant.

HINKLEY, J. This is a motion by defendant for leave to serve a supplemental answer setting forth, generally, the following facts, to wit, that since the joinder of issue herein a judgment was rendered against plaintiff of no cause of action in a similar action brought by plaintiff upon the same fire loss against an insurance company which was coinsurer with defendant. In other words, that the two policies varied only in name, date and amount, and that such judgment is *res adjudicata* in this action as to the vital provisions of any fire insurance policy upon the premises. For the jury failed to find that a fire preceded an explosion, which finding, the court charged, was essential to plaintiff's recovery under the policy.

This presents an apparently new and border-line state of facts upon the none too clear application of the principle of *res adjudicata.*

Upon the one hand, the former action was not between the same parties or their privies, nor is the principle of estoppel mutual. (*Booth* v. *Powers,* 56 N. Y. 22, 33; *St. John* v. *Fowler,* 229 id. 270, 274.)

Upon the other hand, it may be claimed that this presents an exception to the strict mutuality rule in the interest of public policy. (*Haverhill* v. *Int. Ry.,* 217 App. Div. 523; affd., 244 N. Y. 582; *Duignan* v. *Pawlikowski,* 134 Misc. 22.)

The plaintiff could have sued all the insurance companies in one action. Any defendant would undoubtedly have been successful in a motion to consolidate. Had the plaintiff succeeded against one company, it would not be *res adjudicata* in similar actions against other companies. Whether defendant insurance companies shall have a decided advantage over a plaintiff as sought herein, will depend upon how far the courts desire to go in preventing seemingly needless retrials of the same issues.

The granting of this motion in favor of the defendant does not involve any part of the merits of the action, nor affect a substantial right of the plaintiff, for the facts set forth in the supplemental answer must, for the purpose of this motion, be taken as true,

and plaintiff is entitled to contest them and raise the same question squarely upon the issues.

The court is not at this time inclined to hold that the former judgment is not *res adjudicata*. Neither is it inclined to say at this time that the former judgment is *res adjudicata*. The latter statement at this time would of necessity be based upon the now conceded truth of the allegations of the proposed supplemental answer, and might embarrass the free action of the trial judge after hearing the evidence or a study of the issues completely presented. The importance of this question in preventing needless litigation and yet yielding to all litigants full opportunity to obtain justice, demands that these questions be squarely presented upon the trial of the issues.

Motion by defendant granted, with costs.