CHARLES BIRD, Appellant, v. MORRIS ARMON and Others, Respondents.— Appeal dismissed unless appellant shall file and serve the printed papers and printed briefs by April twentieth. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

LUCENA NOEL, an Infant, by Guardian ad Litem, Respondent, v. GEORGE W. PELOW, Appellant. ERNEST NOEL, Respondent, v. GEORGE W. PELOW, Appellant.— Appeal dismissed unless appellant shall file and serve the printed records and printed briefs by April fifteenth. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

ROACH-THOMPSON CORPORATION, Respondent, v. CITY OF ROCHESTER, Appellant.— Appeal dismissed, without costs, upon the ground that the questions involved have become academic, it having been conceded upon the argument that the contract had been completed and the plaintiff had received its pay. All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.

ROBERT DOYLE, an Infant, etc., Respondent, v. ROCHESTER TIMES-UNION, INCORPORATED, Appellant, Impleaded with Others, Defendants.— Judgment and order reversed on the facts and a new trial granted, with costs to appellant to abide the event, unless the plaintiff's guardian ad litem shall, within ten days, stipulate to reduce the verdict to the sum of $3,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and as so modified is, together with the order, affirmed, without costs of this appeal to either party. Permission is hereby granted to the guardian ad litem to make such stipulation. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

LORAINE DOYLE, Respondent, v. ROCHESTER TIMES-UNION, INCORPORATED, Appellant, Impleaded with Others, Defendants.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, upon the ground that there is no evidence of any damages suffered by the plaintiff in consequence of the injury to her son, inasmuch as the plaintiff's husband, the father of the child, was living, and the right to the child's services presumptively belongs to him and there is no evidence in the record to take this case out of the general rule. Further, the amount of damages, even if it be assumed that the right to services and the duty to support were with the plaintiff, was grossly excessive. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.