GEORGE A. BOICE, Plaintiff, *v.* NICHOLAS PALLETTE and Others, Defendants.

Supreme Court, Delaware County, July 9, 1931.

*Charles C. Flaesch,* for the plaintiff.

*Arthur F. Curtis,* for the defendants Nicholas Pallette and Emanuel P. Santos, for the motion.

*Oscar J. Brown,* for the defendant DeForest Lormore, opposed.

McNaught, J. The plaintiff, while riding as a passenger in a motor vehicle owned and driven by the defendant Lormore, sustained personal injuries as the result of an accident at a culvert upon a State highway which the defendants Pallette and Santos were engaged in improving under a contract with the State of New York. The action is based upon alleged negligence in leaving the culvert at which the accident occurred unlighted and without visible warning signs.

A motion was made by the defendants Pallette and Santos under subdivision 2 of section 193 and section 211-a of the Civil Practice Act (added by Laws of 1928, chap. 714), for an order directing that defendant Lormore be brought in as a party defendant. The motion was granted and an order bringing in Lormore as a defendant was duly entered.

The defendant Lormore, prior to the order bringing him in as a defendant herein, had brought an action against the defendants Pallette and Santos to recover damages for personal injuries and property damage arising out of the same accident. Such action has been tried and the defendant Lormore has recovered a judgment for personal injuries and property damage against the defendants Pallette and Santos.

The defendant Lormore claims under the allegations in his amended answer, which it is sought to have stricken out upon this motion, that the determination of the issues in the action in which he recovered damages is *res adjudicata* as to his liability in the action brought by the plaintiff Boice. The defendants Pallette and Santos insist that such determination is not conclusive in the action brought by the passenger Boice.

The defendant Lormore relies upon *Duignan* v. *Pawlikowski* (134 Misc. 22). The facts, however, are not identical. In the *Duignan* case a passenger sued the owners, who were also the operators, of both motor vehicles involved in a collision. Plaintiff

recovered judgment against both defendants. Later one of the owners brought action against the other, not for contribution, but for the property damages he had sustained. The court held the doctrine of *res adjudicata* applied, upon the ground a jury had determined both defendants in the passenger action were guilty of negligence. The decision is not controlling. It has been over-ruled in effect. (*Glaser* v. *Huette*, 232 App. Div. 119; affd., without opinion, 256 N. Y. 686.)

An entirely different situation is presented on the present motion. The defendants here, in an action between themselves, have tried the issue of negligence. It has been determined the defendants Pallette and Santos were negligent and the defendant Lormore was free from negligence, the jury having rendered a verdict in favor of Lormore for personal injuries and property damage, in a substantial sum. The plaintiff does not charge the defendant Lormore with negligence. He alleges the personal injuries sustained by him were due solely to the negligence of the defendants Pallette and Santos.

Lormore has been made a defendant upon the application of Pallette and Santos, their contention being Lormore was negligent and is either solely or jointly liable to the plaintiff, and their right to contribution could only be protected if concurring negligence were found, by making Lormore a defendant. This application was justified when made and the order upon the facts then existing was warranted. (*Haines* v. *Bero Engineering Construction Corp.*, 230 App. Div. 332; *Fox* v. *Western New York Motor Lines, Inc.*, 232 id. 308.)

The issue of Lormore's negligence was, however, tried and determined in the action between the defendants in which Lormore recovered a judgment before the time to answer herein expired and prior to the trial of this action. It has, therefore, been adjudicated in a tribunal having jurisdiction that as between the defendants herein the defendant Lormore was not responsible for the accident resulting in the injuries sustained.

The instant case is the antithesis of *Glaser* v. *Huette* (*supra*). In the *Glaser* case the parties to the action were defendants in a former action in which a verdict was rendered against both. The plaintiff then sued the defendant to recover damages for personal injuries sustained in the same collision, alleging such damages were caused by defendant's negligence. The defendant set up the defense of *res adjudicata*. The court said: " We think that since the parties now here were not adversaries in the former suits but codefendants wherein no duty existed to contest the issues of negligence as between them and no pleadings existed between them, the decisions

there settled nothing as to the liability of the codefendants to each other."

In the present case " the parties    *   *   *    here " were " adversaries " in the former suit.   In such action the " duty existed to contest the issues of negligence as between them," and it was contested.   " Pleadings " did exist between them, and the decision, instead of settling " nothing," fully settled and determined their liability to each other and their responsibility for the accident in question.   If the instant case had been first tried the determination would not be conclusive as between these defendants in another action.   This principle is well established.   (*St. John* v. *Fowler*, 229 N. Y. 270, 274; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 id. 304; *Self* v. *International Railway Co.*, 224 App. Div. 238; *Buffalo Porcelain Enameling Corp.* v. *London Assurance Corp.*, 229 id. 377; *Glaser* v. *Huette, supra; Biczan* v. *Weil*, 137 Misc. 517; *Trotter* v. *Klein*, 140 id. 78.)

" The burden is on a litigant who claims the benefit of a former judgment as *res adjudicata* to prove that the *res* to be thus established by estoppel was either involved by implication or actually determined in the former litigation."   (*People ex rel. Village of Chateaugay* v. *P. S. Commission*, 255 N. Y. 232, 238, 239.)   In the present case this burden is met in the allegation of the 4th paragraph of defendant Lormore's amended answer in specific terms.

The frequently quoted holding of Lord HARDWICKE (*Gregory* v. *Molesworth*, 3 Atk. 626) is apt and in point.   It is to the effect that when a question is necessarily decided in effect, though not in express terms, between parties to the suit, they cannot raise the same question as between themselves in any other suit in any other form.   (See Bouvier's Law Dictionary [Rawle's Third Rev.] vol. 3, p. 2910.)

The 4th paragraph of the amended answer, which it is sought to have stricken out upon this motion as insufficient in law, sets forth in substance that heretofore in an action in the Supreme Court in which the defendant Lormore was plaintiff and the defendants Pallette and Santos were defendants in an action for damages by reason of the negligence of the defendants in the accident alleged to have occurred in the plaintiff's complaint, the issues were tried before a jury and a verdict for $400 for personal injuries and $375 property damage was rendered in favor of the defendant Lormore and against the defendants Pallette and Santos, and that judgment was duly entered thereon, and that the jury found that at the time and place of said accident the defendant Lormore was free from negligence and the defendants Pallette and Santos were guilty of

negligence causing the damages for which the verdict was rendered, and that said judgment is and remains *res adjudicata.*

Upon this motion the facts alleged in the paragraph which it is sought to have stricken out of the amended answer of the defendant Lormore are deemed admitted. (*Marie* v. *Garrison,* 83 N. Y. 14; *Sanders* v. *Soutter,* 126 id. 193, 196; *Kain* v. *Larkin,* 141 id. 144; *Clark* v. *West,* 193 id. 349, 361, 362; *Abbott* v. *Easton,* 195 id. 372, 376, 377; *Dyer* v. *Broadway Central Bank,* 252 id. 430, 432.)

It, therefore, clearly appears that the issue the defendants Pallette and Santos seek to try in this action as between themselves and Lormore has been tried and determined.

The motion to strike out the defense alleged in the 4th paragraph of defendant Lormore's amended answer as insufficient in law must be denied.

Motion denied, with ten dollars costs to abide event. Order may provide defendants Pallette and Santos have twenty days after service of copy of order and notice of entry to serve reply if so advised. Order to be submitted.