MARY NEENAN, Plaintiff, *v.* WOODSIDE ASTORIA TRANSPORTATION Co., INC., Appellant, Impleaded with JOHN J. HUPPMAN, Respondent.

Second Department, March 11, 1932.

*Arthur N. Seiff* [*Frederick J. Groehl* with him on the brief], for the appellant.

*Daniel Mungall*, for the respondent.

DAVIS, J.   The plaintiff, a passenger in a bus of the Woodside Astoria Transportation Co., Inc. (hereinafter for convenience called the Woodside Co.), was injured in a collision between the bus and an automobile owned by defendant Huppman.   On the trial she recovered a verdict of $1,500 for her damages against both defendants.   They had, in their answers, denied liability.

Before the trial of the Neenan action, Huppman had sued the Woodside Co. for damages sustained in the same accident.   The suit was defended, but Huppman recovered a judgment which was affirmed on appeal (*Huppman* v. *Woodside Astoria Transportation Co.*, 231 App. Div. 841).   He then amended his answer in the Neenan case, alleging that the damages suffered by the plaintiff arose from her own carelessness or the negligence of defendant Woodside Co., and asked that the judgment determine the ultimate rights between him and the other defendant.   He set up his judgment in this amended answer, which he served also on defendant Woodside Co.   On the trial, at the close of the evidence, the judgment offered in evidence by him was excluded.   This was within the discretion of the trial court if it was thought better not to confuse the issues; and the judgment, we think, was properly excluded as incompetent.

Huppman took an appeal from the Neenan judgment, but before the appeal reached this court the Woodside Co. had paid it.   We determined that the question of contribution could not be reviewed on the record as it stood, and left the question to be determined on a motion, or in a separate action, as section 211-a of the Civil Practice Act provides.   (See *Neenan* v. *Woodside Astoria Transportation Co., Inc.*, 234 App. Div. 797.)

In the meantime the Woodside Co. had made its motion for contribution.   It was resisted on the ground, among others, that the negligence of the Woodside Co. had been established in the prior action and the judgment therein was *res judicata* on the questions of liability and contribution in the Neenan action.   The motion was denied and the two orders (the second resettling the first) are now presented on this appeal.   Huppman's contention here is that his action against the Woodside Co. determined that, as between these parties in the Neenan action, he was free from liability for

negligence. In this we think he is in error. Even though the causes of action arose out of the same accident, they are separate and independent. The proof necessary in establishing the liability between Huppman and the Woodside Co. would not be the same as that where Neenan, the passenger, was seeking to fix liability on both defendants in her action. The liability to Neenan was not derivative, but original and primary, and not at all dependent on the result of the prior action. She sued " in her own right for a wrong personal to her, and not as the vicarious beneficiary of a breach of duty to another." (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339, 342.)

In the two actions there was neither identity of parties nor of subject-matter, and the estoppel claimed to have arisen out of the judgment in the prior action was not mutual. (*Haverhill* v. *International Railway Co.*, 217 App. Div. 521; affd., 244 N. Y. 582; *The Haytian Republic*, 154 U. S. 118, 128.) The judgment in the Neenan action established the liability of both defendants on a new and distinct cause of action which had not theretofore been determined in any court.

The precise question concerning the negligence of the two defendants as to Neenan was not raised and determined in the former suit, and the former judgment is not conclusive as evidence. (*Bell* v. *Merrifield*, 109 N. Y. 202, 211.) In tort actions generally, nothing is conclusively settled but the point or points directly in issue. (Herman Estoppel & Res Judicata, § 276.) There was no privity between the parties in the two different suits even though they might have been interested in proving or disproving, in part, the same facts. (*Sturbridge* v. *Franklin*, 160 Mass. 149, 151; *Erie R. R. Co.* v. *Buffalo & Lackawanna Traction Co.*, 220 App. Div. 520; affd., 246 N. Y. 625.) The judgment in the Huppman case could not have been offered in evidence to exculpate Huppman in the Neenan case. (*Self* v. *International R. Co.*, 224 App. Div. 238.)

The respondent cites *Duignan* v. *Pawlikowski* (134 Misc. 22). The doctrine of *res judicata* was there considered on the question of pleading. The rule in that case was not followed in *Glaser* v. *Huette* (232 App. Div. 119); and in so far as the doctrine in the *Duignan* case might apply to the principle of this case, it is disapproved.

We reach the conclusion that the rule of *res judicata* is not here applicable, and that the respondent is liable in contribution under the provisions of section 211-a of the Civil Practice Act. There was no such measure of identity between the two judgments that the judgment in the Neenan case would destroy or impair any rights or interests established in the judgment Huppman obtained against the Woodside Co. The latter judgment was not conclusive,

because the causes of action were different in the rights and interests affected. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306.)

The orders should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

LAZANSKY, P. J., HAGARTY, CARSWELL and SCUDDER, JJ., concur.

Order denying motion to direct entry of judgment in favor of appellant and said order as resettled reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.