JOSEPH A. DIPPOLD, Plaintiff, *v.* ATLANTIC MILLS OF RHODE ISLAND, Defendant.

Surpeme Court, Rensselaer County, December 30, 1932.

*Lindsley McChesney,* for the plaintiff.

*Ainsworth & Sullivan [John J. Connors* of counsel], for the defendant.

BLISS, J.   While riding as a passenger in an automobile owned and operated by George A. Soper, Jr., the plaintiff claims to have been injured by reason of a collision between Soper's automobile and an automobile owned by the defendant.   The action is founded in negligence.   Issue was joined on October 16, 1930, and the case has been on the general calendar since that time.

The defendant now moves for permission to make a supplemental answer containing as an added defense that in February, 1931, a judgment was rendered in Supreme Court, Columbia county, in an action between Atlantic Mills of Rhode Island as plaintiff and George A. Soper, Jr., as defendant in favor of the said plaintiff and against said defendant, and that said judgment "has become *res adjudicata* as to this defendant's negligence as charged by the plaintiff herein."

The plaintiff opposes this motion, *first*, upon the ground of the laches of defendant, and *second*, upon the ground that the new defense has no merit.

Under section 245 of the Civil Practice Act a defendant must be permitted to make a supplemental answer alleging "material facts which occurred after his former pleading * * * including the judgment or decree of a competent court rendered after the commencement of the action determining the matters in controversy, or a part thereof." At the time this motion was argued the parties stipulated that the action should be taken off of the day calendar of the Trial Term and continued to the next Trial Term which is appointed to be held in February, 1933. While it is true that the defendant has delayed from February, 1931, until December, 1932, to make this motion, an appeal from the judgment in the action tried in Columbia county is as yet undetermined by the Appellate Division, Third Department, and the instant action cannot now be tried before February, 1933. Consequently no harm has or can come to the plaintiff by reason of the defendant's laches in moving.

There is, however, a far more serious objection to the allowance of this supplemental answer. The court is fully aware of the general rule which has prevailed for many years that the merits of the case will not be considered on an application to serve a supplemental pleading (*Brewster* v. *Brewster Co.*, 138 App. Div. 139; *People* v. *Beguelin*, 184 id. 759), and that the court will not on motion determine the merits of a supplemental answer but will leave the parties to litigate at the trial the questions raised thereby. It seems, however, that it is an idle gesture and a waste of time and effort on the part of the courts and attorneys to permit the service of a supplemental answer where the only new defense alleged is insufficient upon its face. To permit the service of such a supplemental answer, thus forcing the plaintiff to a motion to strike out the new defense, is not in keeping with the present trend toward the elimination of useless moves and delays in the handling of litigation. Where the only new proposed defense is upon its face insufficient in law the court should not hesitate to refuse per-

mission to make such a supplemental answer. Furthermore, if the facts alleged to compose such proposed defense do not in fact constitute a defense, then they are not material facts within the meaning of section 245 of the Civil Practice Act.

The judgment which it is claimed estopped this plaintiff was rendered in an action to which this plaintiff was not a party and he is not bound by that result. (*Fish* v. *Vanderlip*, 218 N. Y. 29.) He has never had his day in court. The issues between him and this defendant have never been adjudicated. It is true that the jury on the previous trial upon the evidence then before it, must have held the Atlantic Mills of Rhode Island free from contributory negligence. This plaintiff, however, may produce other evidence. He may by cross-examination develop an entirely different situation. He may show that witnesses whose testimony was believed upon the trial of the other action are entirely unworthy of belief.

The defendant on this motion relies upon the case of *Boice* v. *Pallette* (140 Misc. 763) as an authority in support of this application. *Boice* v. *Pallette* is clearly distinguishable. There the plaintiff Boice was a passenger in an automobile owned and operated by one Lormore and sustained personal injuries as the result of an accident at a culvert upon a State highway which the defendants Pallette and Santos were engaged in improving under a contract with the State of New York. The action was based upon alleged negligence in leaving the culvert unlighted and without visible warning signs. The plaintiff commenced his action against Pallette and Santos. Lormore was brought in as a party defendant upon motion of the defendants Pallette and Santos. Prior to the order bringing in Lormore he had recovered a judgment against Pallette and Santos in another action founded in negligence for injuries sustained in the same accident. He pleaded this judgment as an estoppel to his liability in the action brought by Boice. The defendants Pallette and Santos moved to strike out this defense as insufficient in law. The court denied the motion stating " the defendants here, in an action between themselves, have tried the issue of negligence. It has been determined that the defendants Pallette and Santos were negligent and the defendant Lormore was free from negligence, the jury having rendered a verdict in favor of Lormore for personal injuries and property damage, in a substantial sum. The plaintiff does not charge the defendant Lormore with negligence. He alleges the personal injuries sustained by him were due solely to the negligence of the defendants Pallette and Santos.

" Lormore has been made a defendant upon the application of Pallette and Santos, their contention being Lormore was negligent

and is either solely or jointly liable to the plaintiff, and their right to contribution could only be protected if concurring negligence were found, by making Lormore a defendant."

In that action the issues were all between the defendants Pallette and Santos and the defendant Lormore. These issues had been previously tried and, therefore, the judgment on the previous trial became *res judicata* as to the action in which Boice was plaintiff. In the case at bar the issues are all between the plaintiff Dippold and the defendant Atlantic Mills of Rhode Island and the trial of the issues between the Atlantic Mills of Rhode Island and George A. Soper, Jr., could in no way determine the issues in the instant case.

The defendant's motion for leave to make a supplemental answer is denied, with ten dollars costs.

The plaintiff may submit an order accordingly.