JESSE G. BAILEY and JESSE G. BAILEY, as Guardian ad Litem for MARCIA BAILEY, LARRY BAILEY, BEVERLY BAILEY and DAWNA BAILEY, Infants under the Age of Fourteen Years, Plaintiffs, v. JOHN ROAT, Defendant.

Supreme Court, Tioga County, August 6, 1942.

*Hinman, Howard & Kattell* [*Charles Fish* of counsel], for the plaintiff.

*Chernin & Gold* [*Leo Katzin* of counsel], for the defendant.

DEYO, J.   Jesse G. Bailey seeks to recover damages for medical expenses and loss of services of his four infant children who, it is alleged, suffered injuries when the automobile in which they were passengers, and which was owned and operated by the plaintiff, came into collision with an automobile owned and operated by the defendant. Prior to the commencement of this action the plaintiff had sued the defendant for property damage to his

automobile, medical expenses and loss of his wife's services and for his own personal injuries. A counterclaim was interposed in that action whereby the defendant sought substantially the same relief against the plaintiff. The plaintiff's wife also sued the defendant for her personal injuries and the defendant's wife sued the plaintiff for the injuries she sustained. The jury brought in the following verdicts: " No cause of action as between *Jesse G. Bailey* v. *John Roat.* No cause of action as between *John Roat* v. *Jesse G. Bailey.* Verdict of $325.00 in favor of *Iva V. Bailey* v. *John Roat.* Verdict of $25.00 in favor of *Jennie L. Roat* v. *Jessie G. Bailey.*"

It is the defendant's contention that the prior judgment rendered in the action between these two parties is *res judicata* as to the defendant's liability in the instant case. The cause of action herein asserted arises out of the invasion of the right of a parent to the services of his minor children. (*Cuming* v. *Brooklyn City R. R. Co.,* 109 N. Y. 95; *Tidd* v. *Skinner,* 225 id. 422, 432), and is construed as a personal injury action under section 37-a of the General Construction Law (*Gorlitzer* v. *Wolffberg,* 208 N. Y. 475, 478; *Fox* v. *Village of Fleischmanns,* 178 Misc. 454; *Ballantine* v. *Ahearn,* 170 id. 651; *Bianco* v. *Sun Oil Co.,* 143 id. 764; affd., 224 App. Div. 817), which, presumptively at least, belongs to the father (*Doyle* v. *Rochester Times-Union, Inc.,* 232 App. Div. 878). The cause of action is derivative in nature and is analogous to the right of action which a husband has for the loss of his wife's services. (*Reilly* v. *Rawleigh,* 245 App. Div. 190, 191; *Curry* v. *City of New York,* 163 Misc. 774.) The plaintiff's argument to the effect that the action is brought by the parent in some " quasi representative " capacity is not supported by the authorities or by an analysis of the history and nature of the right. It follows, therefore, that a recovery may be had in this type of action only if the defendant was negligent and the plaintiff was free from contributory negligence. (*McKay* v. *Syracuse R. T. Ry. Co.,* 208 N. Y. 359, 364; *Maxson* v. *Tomek,* 244 App. Div. 604.) In the instant case there has already been an adjudication of these issues. The verdict of the jury after the prior trial between these same parties establishes either that both were negligent or that neither was negligent. Either conclusion bars the present action. To adopt the plaintiff's argument, that the jury might have rendered the verdict that it did on the theory that neither the plaintiff nor the defendant had suffered any damage, requires us to close our eyes to reality and to ignore the obvious. This is a clear case of *res judicata.* All of the essential elements are present. The facts bring the case directly within the rule stated in *Elder*

v. *New York & Penn. Motor Express, Inc.* (284 N. Y. 350, 352). " When issues on the same subject-matter have once been settled by litigation between the same parties or their privies, before a court of competent jurisdiction, and the estoppel of the judgment is mutual, that is to say that the other party would be bound if the original decision had been to the contrary, then in the interest of reasonable finality of litigation, that decision should be conclusive." The difficulties which the courts have experienced in applying the rule of *res judicata* in cases where former codefendants become adversaries (*Duignan* v. *Pawlikowski*, 134 Misc. 22; *Glaser* v. *Huette*, 232 App. Div. 119), or where former adversaries become codefendants (*Boice* v. *Pallette*, 140 Misc. 763), or where there was no identity of parties or subject-matter ( *Neenan* v. *Woodside Astoria Transp. Co., Inc.*, 235 App. Div. 9), are not present in the instant case. This plaintiff has had his day in court. He has litigated these same issues with this same defendant. In the words of FINCH, J., in *Good Health Dairy Products Corp.* v. *Emery* (275 N. Y. 14, 18): " Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues."

The motion is granted, with ten dollars costs.