Joseph M. Conrot, J.
Three motions by the individual defendants, defendant Massachusetts Bonding and Insurance Company and defendant Manufacturers Casualty Insurance Company, respectively, for identical relief: (1) for leave to serve a supplemental answer in the form proposed; and if such leave be *575 granted, (2) for summary judgment; or, if summary judgment be denied, (3) for a stay pending arbitration.
The basis for all three motions is that the moving defendants, individual indemnitors and corporate sureties, respectively, have been discharged under their respective indemnity agreements and completion bonds by virtue of the conduct of plaintiffs and defendant Little Bay Construction Corporation (hereinafter referred to as Little Bay) which resulted in a waiver of the arbitration provided for in their construction contracts (Clearview Gardens First Corp. v. Little Bay Constr. Corp., 4 A D 2d 875).
In the opinion of this court the aforesaid waiver cannot be held to effect the result urged by movants. “ The contract of a surety on a building or construction contract is to be construed together with other instruments to which it refers ” (Madawick Constr. Co. v. Travelers Ins. Co., 307 N. Y. 111, 118) and “ The interpretation of a contract of suretyship is governed by the standards which govern the interpretation of contracts in general ” (General Phoenix Corp. v. Cabot, 300 N. Y. 87, 92).
Applying these principles to the completion bonds of the corporate sureties it is clear that they were not discharged by the waiver of arbitration. Each of the bonds specifically provides as follows: “ It is understood and agreed that notwithstanding anything herein to the contrary the liability of the surety is limited to only that set forth in the agreement.” The “ agreement ’ ’ referred to is the completion agreement which did not incorporate by reference the construction contracts and which, indeed, provided in paragraph 6(b) that “ The claim of Little Bay as above described, shall be asserted only as an offset to the claim of Glearview, if any, as may be recovered under paragraph ‘ 4(d) ’ hereof in any action, suit, proceeding or arbitration” (emphasis supplied). The provisions of paragraph 4(d) are not pertinent here.
The same result is reached as to the individual indemnitors, although for different reasons. First and foremost, it would shock one’s sense of common justice to permit them, Little Bay’s sole stockholders and their wives, parties to and active participants in this action from its inception more than three and one-half years ago, to profit from the waiver of Little Bay, whose conduct they at all times controlled or had it within their power to control. (See Halsted v. Globe Ind. Co., 258 N. Y. 176, 179.) Furthermore, if it be argued, as they do, that the waiver of the provisions for arbitration constituted an “ alteration ” of the construction contracts, then it is held that they expressly consented to such “ alteration” in advance under the extremely *576 broad language employed in paragraph 3 of their indemnity agreements.
In view of the foregoing leave to serve supplemental answers is denied, they being patently insufficient. (Dippold v. Atlantic Mills of Rhode Is., 146 Misc. 79; cf. Blessington v. McCrory Stores Corp., 198 Misc. 291, 294, affd. 279 App. Div. 807, affd. 305 N. Y. 140.) So much of the motions as seek summary judgment is accordingly dismissed as academic and so much of the motions as seek a stay pending arbitration is also denied. Concededly, movants were never entitled to a stay as of right (cf. Bartley Bros. Constr. Corp. v. National Sur. Corp., 280 App. Div. 798) nor, obviously, are they now entitled to one under any claimed right of subrogation.
Submit orders.