■ ELIZABETH G. BURCHELL, Appellant, v. ELBE CAB CORP. et al., Respondents, et al., Defendant.— In an action to recover damages for personal injuries, the appeal is from an order denying a preference pursuant to rule 9 of the Kings County Supreme Court Rules. Order reversed, without costs, and preference granted pursuant to said rule. While it is true that, as the learned Justice at Trial Term indicated, the hospital X-ray report, dated four days subsequent to the accident, indicates that appellant had a degenerative process of the spinal discs which may have antedated the accident, the affidavit of her physician made a prima facie showing that such pre-existing injury was aggravated as a consequence of the accident. Under such circumstances, sufficient was indicated to warrant the granting of a preference under the rule. (*Congress* v. *Congress,* 284 App. Div. 807; *Weiner* v. *Kleiner,* 282 App. Div. 1078.) Murphy, Hallinan and Kleinfeld, JJ., concur; Wenzel, Acting P. J., and Beldock, J., dissent and vote to affirm the order.

■ CLEARVIEW GARDENS FIRST CORPORATION et al., Respondents, v. LITTLE BAY CONSTRUCTION CORPORATION, Defendant, and SAMUEL PRAVER et al., Appellants. LITTLE BAY CONSTRUCTION CORPORATION, Third-Party Plaintiff, v. MASTER CONTRACTING CORP. et al., Third-Party Defendants.— Appeal by individual sureties upon indemnity agreements conditioned upon the performance by defendant Little Bay Construction Corporation, as principal, of certain agreements with respondents for the construction of apartment buildings, and by two corporate sureties upon bonds given to respondents by defendant Little Bay, as principal, conditioned upon the performance of certain completion agreements, from three orders denying leave to said appellants to serve supplemental* answers, and for summary judgment dismissing the amended complaint, or, in the alternative, to stay the proceedings herein pending arbitration. Orders modified by striking from subdivision (1) of the*

ordering paragraph in each order the word "denied" and by substituting therefor the word "granted", and (2) by striking from subdivision (2) of each said ordering paragraph everything following the word "is" and by substituting therefor the word "denied". As so modified, orders affirmed, without costs. It has been established by a prior decision of this court that defendant Little Bay waived the right to arbitration originally provided for in the construction contracts (*Clearview Gardens First Corp.* v. *Little Bay Constr. Corp.*, 4 A D 2d 875). The bonds of the corporate sureties, however, expressly limited liability to that set forth in the completion agreements therein recited, which contained no arbitration provisions. Upon this record we are unable to determine whether or not, under all the circumstances, the parties intended to extend the right of arbitration to the contracts covered by the surety bonds. The individual sureties guaranteed the performance of the construction contracts, but agreed in broad terms that they would not be released as sureties by any alterations which might be made in the terms of the contracts. Any intent to limit the consent to such alterations as would exclude a waiver of the right of arbitration, would have to be determined in the light of the circumstances surrounding the transaction. These matters may be more fully explored at the trial. The appellants should have been permitted to amend their pleadings so as to raise such issues as may be available. We do not pass upon the sufficiency of the proposed supplemental answers, nor do we now undertake to interpret any of the agreements involved. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur. [9 Misc 2d 574.]