Anthony J. Di Giovanna, J.
Two novel issues are presented by this appeal. Firstly, whether the City Court is authorized to deny a preference under special rule I of the Buies of the City Court of the City of New York, Kings County Division, in a situation where a case has been removed to that court from the Supreme Court after a denial of a preference in the Supreme Court and the removal upon stipulation of the plaintiff’s attorney and an order entered thereon, and secondly, whether a Justice of the City Court passing upon a case pursuant to special rule I of the City Court has the right to take into consideration, in evaluating the injuries, opposing medical affidavits or affidavits of an impartial doctor selected by the said Justice or any other Justice.
This is a negligence action for damag’es for personal injuries and property damage arising out of an automobile collision which occurred on October 22,1956. The action was commenced in the Supreme Court on May 15, 1957. On September 25, 1958 a pretrial hearing was had before a Justice of this court. Plaintiff submitted an affidavit by Dr. Alfred L. Shapiro, sworn to August 24, 1957. It is not clear whether a doctor’s affidavit was submitted by the defendant. However, it is stated in the affidavit submitted in opposition to the motion which resulted in the order here appealed from that the plaintiff had been examined by a physician on behalf of the defendant on January 17,1957; that this physician had found ‘ ‘ no objective residuals ’ ’ and had reported that any injuries sustained by the plaintiff had cleared up and there was no permanent injury. At the *1002 hearing the plaintiff demanded $4,500 and the defendant offered $500 in settlement.
Plaintiff’s doctor stated in his affidavit that he specializes in surgery and pathology; that the plaintiff had been under his care for an injury to his left knee; that the plaintiff complained of pain and swelling of the knee which prevented him from standing or walking, except for very short intervals; that:
‘1 Examination revealed a sub-luxation of the left medial meniscus, with marked point pressure anterior to the left medial collateral ligament. On December 6-th, 1956, there was some subsidence of the associated hydrarthrosis, but the patient was still unable to flex the knee or to travel stairs without pain and some locking.
“ Conservative treatment continued. Examination on March 8th, 1957, as a consequence of a remission of symptoms disclosed the continuance of the earlier findings of the left internal knee cartilage injury. There was still tenderness over the left medial meniscus with only minor diminution.” Affiant then said that he had last examined the plaintiff on August 23, 1957; that at that time the plaintiff “complained of continued pain, swelling and restriction of function and use of the extremity, so that he is necessarily confined to minimal activity. Objectively there are affirmative findings which substantiate the plaintiff’s complaints.” The doctor did not specify the objective findings. He did say, however, that “ in the event of any increase in severity of the symptoms and complaints, hospitalization and surgical operation under anesthesia would be necessary.” Affiant concluded with the statement that it was his opinion that there would be permanent results and the prognosis was necessarily guarded.
The Supreme Court Justice requested the parties to consent to an impartial physical examination, adjourned the hearing to October 20,1958, and designated Dr. Abel Kenin to make the examination. Dr. Kenin, P.A.C.S., reported under date of September 30, 1958, that he had examined the plaintiff; that plaintiff’s chief complaint was pain in the left knee; that plaintiff said that after the accident he visited Dr. Cohen, who referred him the next day to Dr. Shapiro because of his pain and inability to walk; that X rays were taken and he was given heat treatments and an Ace bandage; that the treatments continued for a year at intervals of once or twice a week.
Plaintiff complained of pain in his left knee upon getting-up from a resting position; standing increased the pain; there was no history of locking, clicking or instability. Activity caused improvement of the pain.
*1003 Examination showed that he walked with a minimal limp; there was no swelling of the left knee and no atrophy of the thigh or calf; there was.no redness or other discoloration and no local heat. On palpation of the knee, plaintiff complained of pain over the patella, the condyles and along the joint line medially; there was no complaint of any tenderness laterally. The doctor could not localize any points of tenderness on the medial side; flexion, external rotation tests, abduction and abduction of the extended limb were painless; extension and flexion of the knee was complete without complaints of pain on the extremes of motion; the lateral and cruciate ligaments were intact; reflexes were normal. X-ray examination failed to reveal any evidence of fracture, dislocation or bony pathology; there were no free joint bodies or soft tissue calcifications. The diagnosis was synovitis of the left knee.
Dr. Kenin’s report concluded as follows:
‘ ‘ Comment: The injury described by the claimant is a competent producing cause for a synovitis of his left knee. Undoubtedly, it was associated with slight periarticular thickening. On measurement today, the left knee measures % of an inch greater in diameter than the right. The claimant’s attorney, Mr. Moche, showed me the report of Dr. Alfred Shapiro, dated December 6, 1958. This report indicates that the claimant was treated for a total of six weeks. Dr. Shapiro re-examined the claimant on two subsequent occasions.
“ There is no evidence that the claimant has an internal derangement of the left knee and there are no indications for operative intervention. The slight swelling which he shows may well persist, but in itself it is not disabling. He is not under active therapy nor does he require any.”
On the hearing on the adjourned date the defendant again offered $500. Some discussion was had as to whether the case should be sent to the Municipal Court or the City Court. After indicating that he would deny a preference pursuant to rule 9 of the Kings County Supreme Court Buies the said Justice made an order removing the case to the City Court upon the consent of the plaintiff’s attorney.
It is apparent that the removal to the City Court was had upon the consent of the plaintiff’s attorney and upon the order of the said Justice. It may be presumed that the plaintiff’s consent was based upon his consideration of the opposing medical proof so that in his own interest plaintiff decided that the case belonged in the City Court. Whether or not the Supreme Court Justice would have abused his discretion if he had denied the preference upon the conflicting issues raised *1004 by the medical affidavit of the impartial physician is not a question to be passed upon by this court.
On February 27, 1959 the case came up on the City Court Calendar for Calendar Classification Control before Mr. Justice Low. Apparently the same medical evidence was submitted this time as had been submitted on the pretrial hearing in the Supreme Court. After a conference between counsel and the court the defendant offered $900 to settle. Plaintiff refused the offer. Mr. Justice Low decided that the case belonged in the Municipal Court and asked plaintiff to consent to its transfer to that court. Upon plaintiff’s refusal to so consent, the case was placed on a Reserve Calendar and trial deferred until February 27, 1962.
By notice of motion returnable March 24,1959, plaintiff moved for reconsideration of the determination of Mr. Justice Low and for an order restoring the case to its regular position on the calendar in its regular order. This motion was denied by Mr. Justice Low by short-form order dated August 25, 1959, the order here appealed from.
The affidavit in support of the motion was made by an attorney acting as counsel to the attorney for the plaintiff. Affiant recites therein the proceedings theretofore had, says that the same documents were submitted to Mr. Justice Low as had been previously submitted and argues that the decision of said Justice of the Supreme Court should be respected under the doctrine of stare decisis. He also says that the affidavit of plaintiff’s doctor showed that plaintiff had sustained a serious and disabling injury to his left knee and that the report of the impartial doctor showed that plaintiff was still suffering from synovitis of this knee two years after the accident; that plaintiff’s special damages, as shown by the verified bill of particulars, exceed $2,500; that under the circumstances the case belongs in the City Court because the monetary jurisdiction of the Municipal Court is not sufficient to make an adequate award of damages to the plaintiff.
Plaintiff’s bill of particulars, dated August 5, 1957, states that he “ has not yet been confined to a hospital ”; that he was ‘ ‘ intermittently bed confined over a period of about two weeks, except when he left for medical care and attention, and in and about his home for a period of about six weeks, intermittently ”; that there have been other intermittent bed and house confinements and there will be others in the future; that plaintiff was entirely incapacitated from attending to his duties for approximately six weeks and thereafter intermittently and partially for a period of six weeks; that plaintiff performs executive and *1005 selling duties in his men’s clothing establishment where his drawings are approximately $175 a week. Plaintiff’s special damages “estimated, obligated, incurred, past, present and future” are listed as follows:
“ a) Physician’s services and medical supplies:
about $ 500.
“ b) Loss of earnings: about 2,500'.
“ c), d) and e) Nurses, hospital and x-ray expenses estimated at about in the future.
500.
“ f) The replacement, hire and loss of profits:
estimated at 2,500.”
The return on appeal does not contain the affidavit originally submitted in opposition to the motion. It does, however, contain a supplemental affidavit by an attorney associated with the attorney for the defendant, in which the affiant says that he was present at the hearing of the motion and submitted to the court a copy of plaintiff’s bill of particulars, a copy of Dr. Kenin’s report, and a report of an examination of plaintiff’s automobile; that he disclosed to the court that the plaintiff had testified in an examination before trial that he had spent $68 all told for doctor’s services, although the bill of particulars claimed $500; that plaintiff had also testified that he was part owner of the clothing establishment of Fisher Brothers, 1538 Pitkin Avenue, and affiant asserted that it was incredible that a partner in a firm which had six full-time employees had incurred the loss of earnings which plaintiff claimed. Affiant also said that he had informed the court that the plaintiff was examined on January 17, 1957 by a doctor on behalf of defendant in the office of his attorney and that this doctor had found “no objective residuals” and had reported that plaintiff’s injuries were neither serious nor permanently disabling and had cleared up completely; that there was no functional impairment and the plaintiff was fully capable of engaging in all activities; that the maximum benefits of therapy had been obtained and further treatment was not indicated.
Affiant then asked the court to note that while plaintiff’s doctor mentioned the ‘6 sub-luxation of the left medial meniscus ’ ’ he had refrained from using the word “ derangement ”, whereas the impartial doctor had reported that there was no evidence of internal derangement of the knee, that the plaintiff was not under therapy and did not require any.
Affiant also asserted that the fact that the Supreme Court Justice had spoken of sending the case to the Municipal Court *1006 before sending it to the City Court did not preclude Justices of the City Court from exercising the power of that court to classify cases on its calendar and determine whether they merited trial there.
A reply affidavit was submitted by plaintiff’s counsel in which he said that plaintiff’s claim of $500 for medical services and supplies was expressly stated in the bill of particulars to be “ estimated, obligated, incurred, past, present and future ”; that the comment with regard to plaintiff’s loss of earnings was unfounded argument and that it was not incredible that plaintiff sustained the loss set forth in the bill of particulars; that the court was not required to accept the statements of defendant’s doctor and disregard the affidavit of plaintiff’s doctor and that on the trial the jury would decide what medical testimony was to be believed. Affiant again asserted that the impartial doctor had found a synovitis of plaintiff’s knee two years after the accident and that this was confirmation of the fact that the plaintiff had sustained a very serious knee injury. Affiant concluded by again arguing that inasmuch as the Justice of the Supreme Court had decided that the case belonged in the City Court his decision should be allowed to stand.
The sole point advanced by plaintiff on this appeal as grounds for reversal is that the order appealed from constituted an abuse of discretion. Plaintiff cites three cases in support of this contention. It is needless to say that each case must be decided on its own peculiar facts. However, the cited eases will be considered briefly.
Plaintiff asserts that in Wiener v. Kleiner (282 App. Div. 1078) it was held that the doctor’s affidavit submitted by the plaintiff “ should be controlling ”, especially when no opposing or contradictory affidavit is offered, and that the defendant in the instant case did not submit an affidavit by the doctor who had examined the plaintiff on behalf of the defendant. The memorandum decision in that case states only that “ In view of the affidavit of the physician who treated the plaintiff, which was in nowise contradicted, the case should not have been placed on the Deferred Calendar”. In the instant case the court had before it the report of the impartial doctor which did, in important respects, contradict the affidavit of plaintiff’s doctor.
The decision in the Wiener case cannot be construed as stating a rule of law that a court has the right, in classifying a case, to weigh the claimed injuries against the contradicting affidavits of opposing medical experts or affidavits of an impartial physician. The quotation above is a recital of a fact in that case *1007 and in that case alone. Whether the same result would have been reached in our Appellate Division had the injuries been contradicted by the defendant or by an impartial physician cannot be allowed to be a matter of speculation.
Burchell v. Elbe Cab Corp. (5 AD 2d 889) involved an application for a preference under rule 9 of the Supreme Court, Kings County Rules. In a 3-2 decision the court reversed an order denying- the preference and granted the preference on the ground that although the hospital report indicated that the plaintiff had a degenerative process of the spinal discs which may have antedated the accident, the affidavit of his physician made a prima facie showing that the pre-existing condition had been aggravated as a consequence of the accident and under the circumstances was sufficient to warrant the granting of a preference.
Weinstein v. Valukis (8 A D 2d 748) also involved an application for a preference. The Appellate Division modified the order denying the preference so as to grant it, saying: “In view of the verified bill of particulars, the affidavits of four physicians and the medical certificates of physicians in support of the application, and the nature of the medical certificate of a physician in opposition to the application, on reconsideration the application for a preference under rule 9 should have been granted ”. It is apparent that the court decided that the medical evidence submitted in favor of the plaintiff, presented a prima facie right to a preference and that the certificate of the physician submitted in opposition to the application was not entitled to consideration. In the instant case the Supreme Court had before it the report of an impartial doctor who'had examined the plaintiff at the behest of the court.
The report of an “impartial” physician has no greater weight than that of a physician presented by the defendant. The question of his “impartiality” is a matter for a jury. A ruling that such physician is “impartial” as a matter of law would be erroneous. The credibility to be attached to the testimony of an “impartial” physician is a jury question. To hold otherwise would be tantamount to an instruction that a jury must give greater weight and credence to the testimony of an “impartial” physician than that afforded to plaintiff’s own doctors. That is a matter which must be left to a jury.
Plaintiff argues that the court below is ‘ ‘ bound to accept the prima facie showing made by plaintiff’s physician”; that the extent of plaintiff’s injuries is a question to be determined by a jury; and that on a calendar classification hearing a court may not make a “definitive” finding on a question of fact, inas *1008 much as this would violate the provisions of the State Constitution. He concludes by arguing that, upon plaintiff’s showing, a verdict in excess of $3,000 would be warranted, and that therefore the denial of his motion was an abuse of discretion.
There was, of course, no trial here of any issue of fact and no “ definitive” or conclusive finding was made. It is not clear whether plaintiff intends by his argument to challenge the procedure of calendar classification and control itself, or simply disagrees with the determination made in this case. It would seem, however, that inasmuch as no separate point is made of the matter and the argument is advanced under the point that the order appealed from was an abuse of discretion, plaintiff does not contend that calendar classification itself is unconstitutional. However, plaintiff does claim that the power as exercised by the City Court Justice exceeded that which has been given to him by special rule I of the City Court Buies which provides for calendar classification and control of negligence causes. The language of the rule is very similar to the language of rule 2 of the Kings County Supreme Court Buies. Subdivision (5) of special rule I provides in part that: “ The justice shall determine whether the extent of the claimed injuries and damages justifies the retention of the cause in its present position on the General Calendar.”
What is meant by the above rule is merely that the Justice has the right to determine from the claimed injuries alone whether the case should be retained in the court. It does not give the right to a Justice to evaluate the claimed injuries as against the testimony or proof presented by a defendant or by an impartial physician. That is the function of a jury. To hold that the word ‘ ‘ determine ’ ’ means that the Justice has the right to decide what the injuries were would effectually remove from a jury consideration of an issue already decided legally. That was never the intent of the rule. If it was the intent of the rule, such intention would, of course, be unenforcible. There is nothing in the rule which gives a right to the court to consider evidence contrary to that presented by the plaintiff in support of his claimed injuries. We know that in many instances the injuries claimed in the complaint, in a bill of particulars and in the medical proof submitted by the plaintiff, present a claim for injuries which does not justify the retention of a case in the court. In such instances the Justice exercising his power under special rule I has the right to defer the case, but he has no right to evaluate claims of the plaintiff in the light of the contradictory evidence presented by the defendant, or by the court’s impartial physician, and thereby determine that the *1009 claimed injuries are less than those claimed by the plaintiff. While such procedure might be permissible in pretrial conferences to settle cases, it is not permissible in a determination as to whether a preference should be granted. While the liberal wording of special rule I gives the right to a City Court Justice to classify a case transferred to the City Court from the Supreme Court, I am of the opinion that such reclassification cannot be had in the absence of additional facts adduced from the plaintiff which would warrant such further deferral. It cannot be had upon the basis of the same papers upon which the Supreme Court Justice acted. I think the same reasoning should apply as was applied by the Appellate Division, Second Department, in Blaney v. Sorensen (8 A D 2d 938) wherein they said: “ Undoubtedly, a Justice at a pretrial hearing or upon any appropriate application is empowered to review the propriety of retaining a case in its preferred position on the calendar, even though the preference had been granted originally by another Justice. But upon such review the preference previously accorded may be revoked only on the basis of a record showing ‘ additional or different data not available ’ to the first Justice (Ivory v. Widaben Realty Corp., 5 A D 2d 266, 267, 268; Lee v. Lehrer, 3 A D 2d 702).” The attorney for the plaintiff consented that the case be transferred to the City Court. That should have ended the matter. Upon the very same contradictory affidavits the City Court has now ruled that the case should be remitted to the Municipal Court, otherwise deferred. The evaluation of the claimed injuries by the Supreme Court Justice should have been considered in the nature of stare decisis insofar as the jurisdiction of the City Court was concerned. Furthermore, the apparent consideration by the City Court Justice of the contradictory medical affidavits was improper and not within the exercise of his powers pursuant to special rule I. He was limited to a review solely of the claimed injuries and could not make findings of fact as to what the injuries actually were.
The Appellate Division, First Department, in Hocherman v. I & G Service Corp. (5 A D 2d 813) determined that opposing affidavits of a court designated specialist containing an opinion contradictory of the affidavits of the plaintiff’s doctors concerning the causal relationship between the accident and the claimed condition could not be determined in advance of the trial. That same rule was applied in Denardo v. Brodsky (9 A D 2d 790 [App. Div., 2d Dept.]), wherein it was held as follows: “ Appellant’s physician stated that appellant had suffered a herniated intervertebral disc as a result of the accident. Respondent admitted at the pretrial hearing that if appellant had suffered *1010 that injury, which an ordinary physical examination would not disprove, appellant was entitled to the preference. Under the circumstances, appellant was justified in refusing to submit to an examination by a physician to be designated by the court, the result of which would not be .determinative of appellant’s right to the preference. (Hocherman v. I & G Service Corp., 5 A D 2d 813.) ” It seems clear to me that the word “ determine ” within the interpretation of the Appellate Division, First Department, means only a determination as to whether the plaintiff’s claimed injuries fall within the jurisdiction of the court. It does not permit the Justice to determine the actual extent of the injuries to the party, based upon the conflicting medical testimony. If the plaintiff’s affidavits, prima facie, show injuries sufficient to warrant the retention of the case in the City Court, opposing affidavits rebutting the contentions of the plaintiff cannot be used for the purpose of a holding that the case should not be retained in the City Court. Such opposing affidavits are valuable to the court in pretrial settlements. However, the affidavit should not be the basis for an order holding that the case should not be retained on this calendar.
While the determination as to whether a case is entitled to a preference rests in the discretion of the court, such discretion is abused when contradictory affidavits are considered in a determination as to what the claimed injuries are.
Defendant’s attorney has not submitted a brief on this appeal, but he filed an affidavit so that his appearance might be noted. In this affidavit he says that he wishes to stand upon the record as filed.
Upon this record I am of the opinion that the denial of plaintiff’s motion was an improper exercise of discretion, and that upon the proof presented the cause should retain its original position on the calendar.
The order should be reversed, without costs and the motion to vacate the order placing the cause on the Deferred Calendar granted and the cause restored to its regular position on the calendar.